# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BEVERLY LYN SNEED, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of <br> Social Security Administration, <br><br> Defendant. | Case No. 2:16-CV-195-JVB-JEM |

## OPINION AND ORDER

Plaintiff Beverly Lyn Sneed seeks judicial review of the Social Security Commissioner's decision denying her disability benefits, and asks this Court to remand the case. For the reasons below, this Court remands the case.

**A.  Overview of the Case**

Plaintiff alleges that she became disabled on November 19, 2010. (R. at 233.) Plaintiff previously worked part-time at a cleaning company and at various Burger King locations. (R. at 602–06.) Plaintiff has not worked since 2008. (R. at 602.) Administrative Law Judge Dennis R. Kramer found that Plaintiff suffered from several severe physical and mental conditions. (R. at 562.) Yet, the ALJ concluded that she could perform some light, unskilled work, so long as interactions with the public were limited and only simple tasks were required. (R. at 575.) Therefore, the ALJ denied her benefits. (R. at 578.) This denial became final when the Appeals Council denied Plaintiff's request for review. (R. at 542.)

**B.	Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

**C.	Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.	Analysis**

Plaintiff argues that the ALJ erred in finding that she can work. Specifically, she argues that the ALJ: (1) improperly assessed Plaintiff's hand limitations, (2) improperly dismissed the Agency examiner's opinion, (3) improperly discredited Plaintiff's testimony, (4) ignored Plaintiff's anger issues, and (5) ignored Plaintiff's fatigue impairments.

**(1)** *The ALJ Properly Assessed Plaintiff's Hand Limitations.*

The ALJ confronted hand-limitation evidence and sufficiently explained why he found no significant hand limitations. An ALJ may reject evidence favorable to the Plaintiff if he sufficiently explains why he did so. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). Here, the ALJ addressed hand-limitation findings by two doctors and discredited them because they went against the doctors' own objective findings. (R. at 567, 571.) This explanation suffices.

**(2)** *The ALJ Failed to Properly Weigh the Agency Examiner's Opinion.*

The ALJ failed to explain why he dismissed the Agency examiner's report entirely. (R. at 571.) This requires remand. Although an ALJ may do so, this "unusual step" requires a "good explanation." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014). An ALJ cannot simply "play doctor" and decide that the Agency examiner got it wrong. *Engstrand v. Colvin*, 788 F.3d 655, 660–61 (7th Cir. 2015). If the examiner's conclusion confuses the ALJ, then the ALJ should ask the examiner to elaborate. *Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013).

The Agency examiner imposed significant movement limitations on Plaintiff. (R. at 816.) If considered, they would render Plaintiff unemployable. (R. at 654–60.) The ALJ dismissed them because he thought they were based on "subjective complaints as opposed to the results of the examination." (R. at 571.) However, the ALJ cites only hand-limitation inconsistencies to support this. (R. at 571–72.) Moreover, the examiner observed movement limitations when he examined Plaintiff. (R. at 571.) Although the examiner also observed evidence that Plaintiff could move freely, the doctor concluded that the bad outweighed the good. (R. at 816.) Apparently, the ALJ either ignored the bad or decided that it could not coexist with the good.

This he cannot do. *Engstrand*, 788 F.3d at 660–61. The ALJ must accept the examiner's findings that he cannot properly discredit.

**(3)** ***The ALJ Failed to Properly Evaluate the Credibility of Plaintiff's Testimony.***

Although a reviewing court defers to an ALJ on credibility findings, it may remand if the finding is "patently wrong," *Id.* at 660, or if the ALJ fails to sufficiently explain the finding with "specific reasons supported by the record." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015). However, the ALJ must go beyond inconsistencies between Plaintiff's testimony and the objective record. *Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015).

Here, the ALJ found Plaintiff's testimony only partially credible because (1) Plaintiff smokes, (2) Plaintiff is not seeking mental-health treatment, (3) Plaintiff can perform daily activities, and (4) the objective record is inconsistent with Plaintiff's testimony. (R. at 562–76.) The first three reasons are invalid without further explanation, and the fourth cannot stand on its own. Thus, the ALJ's credibility finding is patently wrong and requires remand.

(a) *The ALJ Improperly Held Plaintiff's Smoking Against Her.*

An ALJ can discredit a claimant's disability claim by showing that she ignored doctor's orders, but the ALJ must show that she would not be disabled had she obeyed the doctor. *Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000). Here, the ALJ noted that Plaintiff smokes despite multiple doctors telling her to quit. (R. at 574.) However, the ALJ never identified any impairments that would significantly improve if Plaintiff quits smoking. If the ALJ wishes to rely on Plaintiff's smoking, he must explain what effect quitting smoking would have.

(b)    *The ALJ Improperly Held Plaintiff's Lack of Mental-Health Treatment Against Her.*

That a claimant stops treatment tends to undermine her disability claim. *Beardsley*, 758 F.3d at 840. However, an ALJ must determine whether she had a good reason to stop treatment. *Hill*, 807 F.3d at 868. Merely asking a claimant why she stopped treatment and noting her answer will not suffice. *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013). Yet, the ALJ did just that: mentioning Plaintiff's reason but never evaluating it. (R. at 572.) The ALJ must either explain why he rejected Plaintiff's reason or stop relying on Plaintiff's lack of treatment.

(c)    *The ALJ Improperly Held Plaintiff's Daily Activities Against Her.*

An ALJ may conclude that a claimant's daily activities suggest that she can work, so long as the ALJ equates the daily activities to what work would require. *Pepper v. Colvin*, 712 F.3d 351, 369 (7th Cir. 2013). Here, the ALJ failed to do that. While the ALJ notes that Plaintiff can "independently care for her personal needs," he fails to equate those personal needs to work tasks. (R. at 564.) Nor does he show that "preparing simple meals and shopping" necessarily means that Plaintiff can work, especially given Plaintiff's testimony that she only shops a few times a month and never alone. (R. at 564, 629.) Plaintiff claimed that her children do most of the household chores. (R. at 308–09.) The ALJ's only response is that "she has demonstrated high adaptive functioning in being able to care for her family." (R. at 564.) The ALJ neither defines "high adaptive functioning," nor cites specific instances of it.

If the ALJ wishes to hold Plaintiff's daily activities against her, he must identify the activities and how often she does them; show that someone who can do those activities that often can also work; and discredit Plaintiff's claims of how much her children help with the activities.

**(4)** *The ALJ Properly Assessed Plaintiff's Anger Issues.*

Plaintiff testified that she had "bad anger issues." (R. at 621.) Dr. Nordstrom, who examined Plaintiff in 2015, concluded that this would affect her social interactions. (R. at 829.) The ALJ factored this into his finding of moderate social limitations. (R. at 564.) Specifically, the ALJ limited Plaintiff to work with small-scale public interactions. (R. at 575.) According to the vocational expert, this would not preclude Plaintiff from working. (R. at 656.) Thus, the ALJ properly considered Plaintiff's anger issues.

**(5)** *The ALJ Failed to Properly Assess Plaintiff's Fatigue Issues.*

Plaintiff also testified that she had fatigue issues. (R. at 612.) To discredit this, the ALJ cited Plaintiff's daily activities and her status as a "single parent of 4 children." (R. at 575.) The first reason fails for the reasons discussed above, and the second reason similarly fails. Although Plaintiff is a single parent of four children, the ALJ failed to mention that (1) two of Plaintiff's children are now adults, (2) the youngest of her children is now 14, and (3) she lives with her over-40-year-old brother. (R. at 598, 630.) While "single mother of four children" can imply that one cannot rest at will and therefore does not, "single mother who is one of three adults in a household with two over-13 children" hardly implies that. Moreover, the ALJ failed to mention that Plaintiff tested positive for fatigue multiple times. (R. at 499, 810, 1253, 1261.) The ALJ must confront all of this contrary evidence.

**E.     Conclusion**

The ALJ dismissed the Agency examiner's opinion without providing a logical explanation, discredited Plaintiff's credibility for patently wrong reasons, and failed to confront

favorable evidence of Plaintiff's fatigue impairments. Accordingly, the Court remands the ALJ's decision to the Agency.

SO ORDERED on September 29, 2017.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE